FULL NAME
Kaushal Niroula

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION
46-057 Oasis Street P.O Box 2963 Indio, California 92201

PRISON NUMBER (if applicable)
200910575

RECEIVED 2012 MAY 14 PM 1:21 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE BY:

FILED 2012 MAY 30 PM 4:18 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Kaushal Niroula

PLAINTIFF,

v.

Daniel Carlos Garcia, Unknown Deputy John Doe, Unknown Deputy Jane Doe, Unknown John Prosecutor.

DEFENDANT(S).

CASE NUMBER EDCV12-814-VAP (JC)
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

550

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED 2012 MAY 21 PM 3:03 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY:

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes  ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes  ☒ No

   If your answer is no, explain why not  No administrative remedy exits.

   _____

3. Is the grievance procedure completed?  ☐ Yes  ☒ No

   If your answer is no, explain why not  There is none.

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff Kaushal Niroula #200910575
                                                          (print plaintiff's name)

who presently resides at Riverside County Indio Jail Facility ,
                         (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
Riverside County Indio Jail Facility 46-057 Oasis Street P.O Box 2963 Indio, California 92201
                                 (institution/city where violation occurred)

---

CV-66 (7/97)               CIVIL RIGHTS COMPLAINT                     Page 2 of 6

on (date or dates) _____9/1/10_____ , _____ , _____ .
                        (Claim I)               (Claim II)             (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  Daniel Carlos Garcia #200911640 _____ resides or works at
   (full name of first defendant)
   46-057 Oasis Street P.O Box 2963 Indio, California 92201
   (full address of first defendant)
   Unknown
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant acting as a co conspirator because he knows that the communication was obtained illegally by unknown law enforcement officers yet he still plans on using it as evidence against plaintiff.

2. Defendant  Unknown Deputy John Doe _____ resides or works at
   (full name of first defendant)
   46-057 Oasis Street P.O Box 2963 Indio, California 92201
   (full address of first defendant)
   Unknown
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Deputy sheriff illegally intercepted priviledged calls and distributed them while acting under the color of state law.

3. Defendant  Unknown Deputy Jane Doe _____ resides or works at
   (full name of first defendant)
   46-057 Oasis Street P.O Box 2963 Indio, California 92201
   (full address of first defendant)
   Unknown
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Deputy sheriff illegally intercepted priviledged calls and distributed them while acting under the color of state law.

4.  Defendant <u>Unknown John Prosecutor</u> resides or works at
    (full name of first defendant)

    <u>3960 Orange Street  Riverside, CA 92501</u>
    (full address of first defendant)

    <u>Member DA's Staff</u>
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

    Explain how this defendant was acting under color of law:
    Requested, ordered, or obtained from unknown deputies illegally recorded priviledged calls between defendent and his lawyers while acting under the color of state law.

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

(1) Plaintiff brings this civil action claiming a violation of his civil rights under Title 42 United States Code Section 1983. Plaintiff's rights were violated pursuant to Title 18 United States Code Section 2510(1)(c)(d)(e), the Fourth, Fifth, Fourteenth Amendments, and Caifornia Penal Code Section 637 and 637.2.

(2) Under 18 USC Section 2510, it is illegal to intercept wire communications without obtaining the consent of at least one party. 18 USC Section 2511 subjects any person who intentionally uses, endeavors to use the contents of any electronic communication, having reason to know that the information was obtained in violation of this subsection.

(3) California Penal Code Section 636 makes it a felony to, without permission, eavesdrop on or record a conversation between an inmate and his attorney. Under California Penal Code Section 637, it is illegal for any person not a party to a telephonic conversation to willfully disclose the contents of such communication addressed to another person without the permission of that person. California Penal Code Section 637.2 provides a cause of action in favor of a person injured by such a violation against the person who committed the violation.

(4) Given the status conferred upon attorney client communications by the Sixth Amendment, the interception of priviledged communications is a violation of the Fourth Amendment. The use of illegally intercepted priviledged communication against a defendant in a criminal trial is a violation of Due Process under the Fourteenth Amendment

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(1) Plaintiff Kaushal Niroula is awaiting trial on several criminal counts including first degree murder. In the matter of People v. Niroula, et al in the Superior Court of Riverside at Indio, before the Honorable Judge David B. Downing, the prosecutor, Lisa DiMaria, distributed to the defendants approximately 150 compact disks which contained intercepted privileged phone calls between Mr. Niroula, a pretrial detainee, and his various attorneys. These recordings contained confidential information related to his representation including facts of the case, defense strategies, and witnesses.

(2) These conversations were illegally intercepted, recorded, and illegally distributed in the discovery process of the criminal trial to defendant Daniel Carlos Garcia. On May 4, 2012, Garcia was interviewed and acknowledged that he received the recordings and listened to all of them. In addition, he stated that he knew that the communication was priviledged and intended to use them adversely against Mr. Niroula at trial. This is reflected in Garcia's recorded statement to Enrique Tira witnessed by William Picard, respectfully investigator and paralegal for Plaintiff, on May 4, 2012.

(3) Investigator Blanck, an employee of the Riverside County District Attorney's Office, is on record acknowledging the practice of burning disks with the recorded calls, some of which were priviledged. Additionally, he acknowledged the use of a pen register by the Riverside County District Attorney's Office, without a warrant, to electronically record priviledged conversations. Judge Downing is on record June 17, 2011 as stating that it is illegal to listen to a priviledged phone call.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1) Conduct immediate discovery through the appointment of a magristrate to determine who was responsible for the illegal interception of my attorney client priveledged communications.

2) Actual damages in the amount to be determined at time of trial.

3) General damages in the amount to be determined at time of trial.

4) Specific damages in the amount to be determined at time of trial.

5) Compensatory damages in the amount to be determined at time of trial.

6) Punitive damages

7) Costs of this action, including attorneys fees if one is appointed.

8) Other relief deemed to be just and equitable.

5/12/12
(Date)

*[signature]*
(Signature of Plaintiff)



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, May 30, 2012

KAUSHAL NIROULA #200910575
46-057 OASIS STREET
P. O. BOX 2963
INDIO, CA. 92201

Dear Sir/Madam:

A Complaint for Civil Rights was filed today on your behalf and assigned civil case number EDCV12- 814 VAP (JC)

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
☐ District Court Judge _____
[X] Magistrate Judge __**Jacqueline Chooljian**__
at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA 90012

☐ Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA 92701-4516

☐ U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Sincerely,

Clerk, U.S. District Court

By: __CSAWYER__
Deputy Clerk

CV-19 (04/01)     **LETTER re FILING CIVIL RIGHTS COMPLAINT**