UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 12-814 VAP (JC) | Date | June 12, 2012 |
| Title | Kaushal Niroula v. Garcia, et al. | | |

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Hana Rashad | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**     (IN CHAMBERS)

**ORDER (1) TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED PENDING OUTCOME OF UNDERLYING STATE CRIMINAL PROCEEDING; AND (2) DENYING JOINT MOTION FOR DISCOVERY WITHOUT PREJUDICE (DOCKET NO. 6)**

I.   SUMMARY

On May 30, 2012, plaintiff Kaushal Niroula ("plaintiff"), who is a pretrial detainee at the Riverside County Jail in Indio and has been granted leave to proceed *in forma pauperis*, filed a *pro se* complaint ("Complaint") asserting civil rights claims under 42 U.S.C. § 1983 ("Section 1983"), as well as statutory claims under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*. ("Federal Wiretap Act") and California law against Daniel Carlos Garcia ("Garcia"),[1] two unnamed Riverside County Sheriff's Deputies ("Doe Deputies"), and an unnamed Riverside County Assistant District Attorney (collectively "defendants"). Plaintiff sues defendant Garcia in his individual capacity only, and sues all other defendants in their individual and official capacities, and seeks monetary relief.

On May 30, 2012, plaintiff and defendant Garcia filed a Joint Motion for Discovery ("Joint Motion") which essentially seeks appointment of a "Special Discovery Magistrate" to conduct discovery for the purpose of determining the identity of the Doe defendants. (Docket No. 6).

Based on the record and the applicable law, and for the reasons discussed below: (1) Plaintiff is Ordered to show cause why the instant action should not be stayed until final resolution of the related, underlying, and pending state criminal case against plaintiff; and (2) the Joint Motion is denied without prejudice.

---

[1] It appears that plaintiff and defendant Garcia are co-defendants in the related, underlying, and pending state criminal case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-814 VAP (JC) | Date | June 12, 2012 |
|---|---|---|---|
| Title | Kaushal Niroula v. Garcia, et al. | | |

## II.   COMPLAINT

Liberally construed, the Complaint alleges that (1) plaintiff is in custody pending trial in state court on several criminal charges including first degree murder ("State Criminal Case"); (2) the Doe Deputies illegally intercepted and recorded telephone conversations between plaintiff and his attorneys which contained privileged information including facts, trial strategy and witness names related to plaintiff's defense in the State Criminal Case ("alleged privileged communications"); (3) Lisa DiMaria (not a named defendant), the prosecutor in the State Criminal Case, illegally distributed to defendants 150 compact disks which contained recordings of the intercepted alleged privileged communications; and (4) defendant Garcia listened to the recordings of the alleged privileged communications, and intends to use the information contained therein against plaintiff in the State Criminal Case.

The Complaint also alleges that (1) the interception, recording, and distribution of plaintiff's alleged privileged communications violated the Federal Wiretap Act, the Fourth Amendment to the United States Constitution, and California Penal Code sections 637 and 637.2; and (2) the anticipated use of the alleged privileged communications in the State Criminal Case violates the Fourteenth Amendment Due Process Clause.

## III.   DISCUSSION AND ORDERS

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a Section 1983 action must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck does not, however, bar a plaintiff from bringing an action that would impugn an anticipated *future* conviction. Wallace v. Kato, 549 U.S. 384, 393 (2007). Nonetheless, "[i]f a plaintiff files a [civil rights] claim before he has been convicted (*or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. (emphasis added, citations omitted). If the plaintiff is ultimately convicted, and if the stayed federal civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed. Id. (citations omitted).

Here, the Complaint essentially claims that defendants violated federal and state law by intercepting, recording, and distributing the alleged privileged communications, and that the alleged privileged communications will likely be used against plaintiff in the pending State Criminal Case. Accordingly, if plaintiff is convicted in the State Criminal Case, any success in the instant action could conflict with rulings of the state trial court regarding the constitutionality of the current defendants' actions and the admissibility of the alleged privileged communications, and could in turn imply the invalidity of any conviction obtained after such rulings. Therefore, it appears that a stay under Wallace is appropriate. See, e.g., Peyton v. Burdick, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in Section 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay action until such state court proceedings concluded)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-814 VAP (JC) | Date | June 12, 2012 |
|---|---|---|---|
| Title | Kaushal Niroula v. Garcia, et al. | | |

(citing Heck, 512 U.S. at 486-90; Wallace, 549 U.S. at 393-94);[2] see also Middleton v. Vasquez, 2009 WL 136056, *2 (C.D. Cal. Jan. 16, 2009) ("Stay of a civil suit pending the outcome of a criminal proceeding is within a district court's discretion."); Sturgis v. Brady, 2009 WL 1227908, *1 (N.D. Cal. Apr. 30, 2009) ("Although a plaintiff's damages claims will not be barred under Heck if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending.") (citation omitted).

IT IS THEREFORE ORDERED:

1. By no later than **June 26, 2012**, plaintiff shall show good cause in writing, if any exists, why the instant action should not be stayed until final resolution of the ongoing State Criminal Case.

2. The Joint Motion is denied without prejudice to the reassertion thereof once a stay in this case, if any, is lifted.

**Plaintiff is cautioned that the failure timely to comply with this Order and/or to show good cause may result in an order staying this action and/or the dismissal of this action for lack of prosecution/failure to comply with the Court's order.**

IT IS SO ORDERED.

| | | |
|---|---|---|
| | Initials of Deputy Clerk | hr |

---

[2]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).