UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAUSHAL NIROULA,

   Plaintiff,

v.

DANIEL CARLOS GARCIA, et al.,

   Defendants.

Case No. EDCV 12-814 VAP (JC)

ORDER STAYING FEDERAL CIVIL RIGHTS CASE PENDING OUTCOME OF UNDERLYING STATE CRIMINAL PROCEEDINGS

## I. SUMMARY

On May 30, 2012, plaintiff Kaushal Niroula ("plaintiff"), who is a pretrial detainee at the Riverside County Jail and has been granted leave to proceed *in forma pauperis*, filed a *pro se* complaint ("Complaint") asserting civil rights claims under 42 U.S.C. § 1983 ("Section 1983") predicated upon alleged violations of the United States Constitution, the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.* ("Federal Wiretap Act") and California state statutes. Plaintiff sues Daniel Carlos Garcia ("Garcia"), two unnamed Riverside County Sheriff's Deputies ("Doe Deputies"), and an unnamed Riverside County Assistant District Attorney (collectively "defendants") and seeks immediate discovery and monetary relief.

///

  On June 12, 2012, the assigned Magistrate Judge issued an Order to Show Cause directing plaintiff to show cause, if there be any, why the instant action should not be stayed until final resolution of related, underlying, and pending state criminal proceedings against plaintiff. (Docket No. 8).

  On June 26, 2012, plaintiff filed an Objection to Proposed Stay Order ("Plaintiff's Objection") with attached exhibits ("Plaintiff's Ex."). Liberally construed, Plaintiff's Objection essentially asserts that the instant case should not be stayed because (1) "federal intervention" is necessary to assure plaintiff a fair trial in multiple pending state criminal proceedings and to prevent irreparable harm to plaintiff's due process rights; and (2) "[plaintiff] has been diagnosed with a terminal illness for which there is no cure," and if a stay were imposed, plaintiff "[would] not live long enough to seek relief on this matter." (Plaintiff's Objection at 8).

  Based on the record and the applicable law, and for the reasons discussed below, the Court Orders the instant action stayed until final resolution of any ongoing state criminal proceedings against plaintiff.

## II. BACKGROUND

### A. Plaintiff's State Court Criminal Matters

  It appears that plaintiff is a criminal defendant, and currently on trial before the Honorable David B. Downing, in the Riverside County Superior Court case entitled <u>People v. Kaushal Niroula, et al.</u> (Case No. INF064492) ("Riverside Case"). (Plaintiff's Objection at 1-2; Plaintiff's Exs. A, B). Plaintiff is apparently also facing criminal charges in "numerous [other] cases . . scattered in multiple counties including San Francisco, Marin and Riverside" ("Additional Criminal Cases") (Plaintiff's Objection at 8; Plaintiff's Ex. B). The Court refers to all of plaintiff's alleged state criminal cases collectively as "State Criminal Cases."

///
///

Plaintiff and defendant Garcia appear to be co-defendants in the Riverside Case; defendant Garcia is also assertedly a "state's witness" against plaintiff in the Additional Criminal Cases. (Plaintiff's Objection at 3; Plaintiff's Ex. B).

### B. Federal Civil Rights Complaint

Liberally construed, the Complaint filed in the instant action alleges: (1) plaintiff is in custody pending trial in the Riverside Case on several criminal charges including first degree murder; (2) the Doe Deputies illegally intercepted and recorded telephone conversations between plaintiff and his attorneys which contained privileged information including facts, trial strategy and witness names related to plaintiff's defense in the Riverside Case ("alleged privileged communications"); (3) Lisa DiMaria (not a named defendant), the prosecutor in the Riverside Case, illegally distributed to defendants 150 compact disks which contained recordings of the intercepted alleged privileged communications; and (4) defendant Garcia listened to the recordings of the alleged privileged communications, and intends to use the information contained therein against plaintiff in the Riverside Case.

The Complaint also alleges: (1) the interception, recording, and distribution of plaintiff's alleged privileged communications violated the Federal Wiretap Act, the Fourth Amendment to the United States Constitution, and California Penal Code sections 637 and 637.2; and (2) the anticipated use of the alleged privileged communications in the Riverside Case violates the Fourteenth Amendment Due Process Clause.

### III. DISCUSSION

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a Section 1983 action must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck does not, however, bar a plaintiff from bringing an action that would impugn an anticipated *future* conviction. Wallace v. Kato, 549 U.S. 384, 393 (2007). Nonetheless, "[i]f a plaintiff files a [civil rights] claim before he has been convicted (*or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. (emphasis added, citations omitted). If the plaintiff is ultimately convicted, and if the stayed federal civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed. Id. (citations omitted).

Here, the Complaint essentially claims that defendants violated federal and state law by intercepting, recording, and distributing the alleged privileged communications, and that the alleged privileged communications will likely be used against plaintiff in one of the pending State Criminal Cases. Plaintiff's Opposition also reflects that defendant Garcia intends to use the alleged privileged communications against plaintiff as part of his defense in the Riverside Case and when he testifies against plaintiff on behalf of the prosecution in the Additional Criminal Cases. (Plaintiff's Objection at 1-3; Plaintiff's Exs. A, B). Accordingly, if plaintiff is convicted in one of the State Criminal Cases, any success in the instant action could conflict with rulings of the state trial court regarding the constitutionality of the current defendants' actions and the admissibility of the alleged privileged communications, and could in turn imply the invalidity of any conviction obtained after such rulings. Therefore, a stay under Wallace is appropriate. See, e.g., Peyton v. Burdick, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in Section 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district

court to stay action until such state court proceedings concluded) (citing <u>Heck</u>, 512 U.S. at 486-90; <u>Wallace</u>, 549 U.S. at 393-94);[1] see also <u>Middleton v. Vasquez</u>, 2009 WL 136056, *2 (C.D. Cal. Jan. 16, 2009) ("Stay of a civil suit pending the outcome of a criminal proceeding is within a district court's discretion."); <u>Sturgis v. Brady</u>, 2009 WL 1227908, *1 (N.D. Cal. Apr. 30, 2009) ("Although a plaintiff's damages claims will not be barred under <u>Heck</u> if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending.") (citation omitted).

To the extent plaintiff argues that a stay will cause "irreparable harm" to his constitutional rights (Plaintiff's Objection at 8), plaintiff fails to demonstrate extraordinary circumstances that would warrant federal intervention in the State Criminal Cases he seeks.  See <u>Samuels v. Mackell</u>, 401 U.S. 66, 69 (1971) ("[A] federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury.") (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)); <u>Gilbertson v. Albright</u>, 381 F.3d 965, 968 (9th Cir. 2004) (en banc) ("*Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings.").[2]  Plaintiff's suggestion that the state court (which assertedly has already found evidence of a violation of the Federal Wiretap Act) might violate his constitutional rights, and his unsupported and

---

[1] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

[2] Contrary to plaintiff's assertion which is supported by out-of-circuit authority (Objection at 7), <u>Younger</u> abstention applies to actions for damages under Section 1983.  See <u>Los Altos El Granada Investors v. City of Capitola</u>, 583 F.3d 674, 689 (9th Cir. 2009) ("In <u>Gilbertson</u>, we addressed whether <u>Younger</u> abstention applies to an action for damages under 42 U.S.C. § 1983. . . . We concluded that it did . . . .").

conclusory assertion that he "has been diagnosed with a terminal illness" do not justify an exception under the Younger abstention doctrine. See, e.g., Lampley v. Toris, 2012 WL 846460, at *3 (C.D. Cal. Mar. 8, 2012) ("Plaintiff's unsupported assumption that the state court will violate his rights does not constitute an exigent circumstance" that would "warrant an exception to applying the Younger Abstention Doctrine.").

IT IS HEREBY ORDERED:

1. The instant action is stayed until the State Criminal Cases have been finally resolved.

2. Beginning sixty (60) days from the date of this Order and every ninety (90) days thereafter, plaintiff shall file a report with the Court detailing the status of the State Criminal Cases. If plaintiff has no new information regarding the status of the State Criminal Cases, plaintiff is nonetheless ordered to file a status report advising the Court of that fact. **The failure to meet any of the foregoing time requirements may result in the dismissal of this action based upon plaintiff's failure to comply with the Court's Order and/or for lack of prosecution.**

3. The Clerk shall administratively close this case and remove it from the Court's active case load.

IT IS SO ORDERED.

DATED: July 10 2012

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE